

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON
1050 SW SIXTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

TRISH M. BROWN
CHIEF JUDGE

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

June 11, 2020

Leslie Christine
4418 N. Vancouver Ave.
Portland, OR 97217
**VIA FIRST-CLASS MAIL**

Alexzander C.J. Adams
14705 SW Millikan Way
Beaverton, OR 97006
**VIA CM/ECF ONLY**

Re:  *In re Richard Stephen Quinlan*, Case No. 19-34000-tmb13
  Objection to Claim No. 2

Dear Ms. Christine and Mr. Adams:

This matter came before the court on Debtor's objection to Claim No. 2-1 (the "Objection"). Creditor Leslie Christine filed Claim No. 2-1 on November 8, 2019, asserting a claim for $26,615.34 based on a Supplemental Judgment entered in Washington County Circuit Court on February 10, 2014 (the "Supplemental Judgment"). In her proof of claim, Ms. Christine contends that her claim is entitled to priority as a domestic support obligation ("DSO") pursuant to § 507(a)(1) of the Bankruptcy Code. In his Objection, Debtor concedes the validity of the Supplemental Judgment and the amount of Ms. Christine's claim, but denies that the claim is entitled to priority as a DSO.

The court held a hearing on the Objection on May 27, 2020, and continued the matter to June 10, 2020 so that the parties could provide a more complete record. On June 1, 2020, counsel for Debtor filed a copy of Debtor and Ms. Christine's stipulated General Judgment for Dissolution of Marriage, signed on March 26, 2012 (the "Original Judgment"), the Supplemental Judgment, and a Corrected Supplemental Judgment dated *nunc pro tunc* to January 29, 2016 (the "Second Supplemental Judgment"). *See* ECF No. 54.

## Standards

The Bankruptcy Code defines a DSO as an obligation that (among other things) "is in the nature of alimony, maintenance, or support . . . of . . . [a] former spouse, or child of the debtor . . . without regard to whether such debt is expressly so designated." 11 U.S.C. § 101(14A)(B). Whether an obligation is "in the nature" of support is a question of federal law, to be made by the bankruptcy court. *Friedkin v. Sternberg (In re Sternberg)*, 85 F.3d 1400, 1405 (9th Cir. 1996), *overruled on other grounds*, *In re Bammer*, 131 F.3d 788 (9th Cir. 1997).

When an obligation is created by a stipulated agreement, the intent of the parties at the time the obligation arose is dispositive. *Id.* Factors to consider in determining the parties' intent include "whether the recipient spouse actually needed spousal support at the time of the divorce," "whether the obligation terminates on the death or remarriage of the recipient spouse," "whether payments are made directly to the spouse in installments over a substantial period of time," and the labels used by the parties to describe the relevant payment obligations *Thorud v. Thorud (In re Thorud)*, 2011 WL 5079506 at *2 (Bankr. D. Or. Oct. 26, 2011). A party asserting a DSO claim in bankruptcy bears the burden of proving by a preponderance of the evidence that the obligation is in the nature of support. *Id.*

In contrast to a DSO, a debt arising from a marital property settlement obligation is dischargeable in a chapter 13 case (although not in a chapter 7 case). *See* 11 U.S.C. §§ 523(a)(15) and 1328(a)(2).

### Analysis

At the June 10 hearing, Ms. Christine alleged that her claim arose from Debtor's "fraud, willfulness, and reckless acts." These concepts are not relevant to resolution of Debtor's Objection. Fraud and willful/reckless injury are relevant to determining whether a claim is non-dischargeable under §§ 523(a)(2) or (6) of the Bankruptcy Code, but Ms. Christine did not commence an adversary proceeding seeking such a determination. *See* 11 U.S.C. § 523(c). Accordingly, the matter before the court is limited to determining whether the claim is a DSO, and I need not make any determinations regarding fraud or malicious injury.

Although the claim at issue here was created by the Supplemental Judgment, its origins go back to the provisions of the Original Judgment. I therefore consider the nature of Debtor's obligations to Ms. Christine by reviewing the procedural history of their marital dissolution.

<u>Original Judgment</u>. Debtor and Ms. Christine stipulated to the Original Judgment and both parties were represented by counsel in negotiating the terms of their marital dissolution. *See* Orig. Judgment at 1. As relevant here, the Original Judgment did three things. First, the Judgment required Debtor to pay Ms. Christine "transitional spousal support" of $600 per month through January 2017. *Id.* at 6 (¶ 5). Second, Debtor was also required to pay Ms. Christine child support of $100 per month. *Id.* at 6-7 (¶ 6). Finally, the Original Judgment granted Debtor and Ms. Christine equal interests in their former residence and required Debtor to continue making mortgage payments. *Id.* at 9-10 (¶ 8.1). The Original Judgment required that the home be "immediately" listed for sale, and set forth various provisions governing the marketing and sales process, although it did not include an ultimate deadline for a sale to occur.

Ms. Christine argues that she "took less in spousal support / child support due to the fact I was due funds from the portion of the house." Resp. to Objection (ECF No. 45). This assertion is not supported by the plain language of the Original Judgment. In creating Debtor's transitional spousal support obligation, the Original Judgement sets forth the factors that were taken into account in determining the monthly payment amount, yet the terms of the property division are not cited as such a factor. Orig. Judgment at 3 (¶ 12). As far as child support, the Original Judgment awards Ms. Christine monthly support nearly two-thirds greater than the presumptive support calculated under applicable guidelines. *Id.* at 2 (¶ 11). Once again, the judgment

document sets forth the factors used to calculate the amount of child support, and the property division is not included as such a factor. *Id.*

The Original Judgment does not contain any other indicia that Ms. Christine's portion of the marital home was intended to be in the nature of support: the terms of the judgment already provide for support through monthly payments, the provision regarding the house is labeled as a property division, Ms. Christine's portion of the sales proceeds were payable only as a lump sum due upon a sale of the house (and there was no deadline for such sale), and her ability to claim those proceeds did not expire upon her death or remarriage. Although Ms. Christine may have subjectively viewed the property division as compensation for inadequate support, I must make my findings based on objective evidence of intent, and no such evidence supports Ms. Christine's current allegations. *See Holdner v. Holdner*, 176 Or.App. 111, 120 (2001) (in determining the intent of contracting parties, a court "examine[s] the objective manifestations of intent, as evidenced by the parties' communications and acts").

Supplemental Judgment. The Supplemental Judgment was not stipulated, but was apparently entered after Ms. Christine returned to court (*pro se*) to complain of Debtor's non-compliance with certain provisions of the Original Judgment. When a judgment is the result of a contested proceeding, the bankruptcy court may consider the intent of the state court, consistent with the provisions of applicable state law, when making a DSO determination. *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 682 (9th Cir. BAP 1994).

The Supplemental Judgment made no changes to the spousal or child support terms of the Original Judgment, although it did note an arrearage of spousal support due to Ms. Christine ($1,900 as of January 10, 2014). Ms. Christine alleges (and Debtor does not dispute) that Debtor failed to make the mortgage payments as required under the terms of the Original Judgment. Accordingly, the Supplemental Judgment granted a new money award to Ms. Christine, this time for a sum certain—this is the obligation that forms the basis for Ms. Christine's proof of claim in this bankruptcy case.[1] The relevant language reads as follows: "[Ms. Christine] is granted $20,000.00 judgement [*sic*] against petitioner for lost equity in house bassed [*sic*] on language on general judgement. Interest shall start in 180 days." Supp. Judgment at 7 (¶ 14). This language makes clear that the $20,000 payment was an augmentation of the property division contained in the Original Judgment. In other words, as part of the original division, Ms. Christine was to receive half of the value of the couple's house. Because Debtor failed to protect the property, the value of Ms. Christine's interest in the property was impaired, and as compensation for this injury, Ms. Christine received a $20,000 judgment against Debtor. Consistent with this reading, the Supplemental Judgment summarizes Debtor's payment obligation in a section entitled "Property Division." *Id.* at 10.

At the June 10 hearing, Ms. Christine stated that the judge who entered the Supplemental Judgment "agreed with me that I had taken less in child support and spousal support, knowing that I would have gotten half of the house." Even if Ms. Christine could prove such statements, I hold that they are contradicted and superseded by the unambiguous language of the

---

[1] According to the documents submitted with Ms. Christine's claim, Debtor has made no payments against this money award, and the amount has grown by more than $9,000 due to accrued interest.

Supplemental Judgment. *See Windishar v. Windishar*, 84 Or.App. 580, 583 (1987) (a court's final judgment prevails over previous statements to parties, especially where the judgment is unambiguous).

<u>Second Supplemental Judgment</u>. The parties returned to court in 2015. Unlike in 2014, both parties were represented by counsel. Second Supp. Judgment at 1. The Second Supplemental Judgment terminated Debtor's obligation to pay spousal and child support and ordered Ms. Christine to pay a small monthly amount to Debtor for child support going forward. *Id.* at 3-4 (¶¶ 1 and 2). The Second Supplemental Judgment noted that Debtor's support obligations to Ms. Christine were in arrears, and that any arrearage as of the date of termination was to be calculated and collected by the Oregon Child Support Division.[2] *Id.* at 3 (¶ 9). Notably, the provisions of the Second Supplemental Judgment that address the couple's support obligations makes no mention of the $20,000 money award contained in the Supplemental Judgment. In short, I find nothing in the Second Supplemental Judgment that modifies the intent clearly expressed in the Original Judgment and the Supplemental Judgment.

## Conclusion

The Bankruptcy Code provides powerful protections for the holders of DSOs. Yet not every obligation arising from the dissolution of a marriage is a DSO. Under the applicable rules of construction, I find that the $20,000 money award contained in the Supplemental Judgment is not a domestic support obligation, and therefore Debtor's Objection is sustained. The court will enter an order sustaining the objection and allowing Ms. Christine's claim as a general unsecured claim of $26,615.34

Very truly yours,

Trish M. Brown

cc: Wayne Godare, trustee

---

[2] The record suggests that Debtor's support arrearage has subsequently been paid, although I make no such finding here because no party has raised the issue.